UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD D. DOERMER, as a beneficiary and co-trustee of the RICHARD DAVID DOERMER–KATHRYN DOERMER CALLEN ISSUE TRUST dated July 28, 2004,<br><br>Plaintiff,<br><br>v.<br><br>OXFORD FINANCIAL GROUP, LTD.,<br><br>Defendant. | No. 16 CV 8248<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard D. Doermer and his sister, Kathryn Doermer Callen, are co-trustees and beneficiaries of a trust. When they could not agree on an investment management plan for the trust, Callen sought the advice of defendant Oxford Financial Group, Ltd. Doermer thinks Oxford provided Callen with poor advice and caused the trust to lose money. He brings claims against Oxford in his capacity as both a beneficiary and a co-trustee of the trust, and Oxford moves to dismiss. For the following reasons, Oxford's motion is granted.

**I.     Legal Standards**

A defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that jurisdiction is proper, and must allege facts sufficient to plausibly suggest that subject-matter jurisdiction exists. *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 558 (2009)). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989). On a 12(b)(6) motion, a court may consider only the allegations in the complaint, documents attached to the complaint, documents that are both referred to in the complaint and central to its claims, and information that is subject to proper judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). When analyzing a motion under either Rule 12(b)(1) or 12(b)(6), a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but a court need not accept legal conclusions or conclusory allegations. *Virnich*, 664 F.3d at 212 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680–82 (2009)); *Silha*, 807 F.3d at 174.

## II. Background

In 2004, plaintiff Richard D. Doermer's father established the Richard David Doermer–Kathryn Doermer Callen Issue Trust, naming as beneficiaries his children, Doermer and Kathryn Doermer Callen, his grandchildren, and six charities. [1-1] ¶¶ 8–9.[1] Together with a corporate trustee, Doermer and Callen serve as co-trustees of that trust. [1-1] ¶ 10. After their father died in 2010, Doermer and Callen could not agree on how to manage the trust's assets, and their

---

[1] Bracketed numbers refer to entries on the district court docket.

2

dispute resulted in a year-long standstill. [1-1] ¶ 13. In 2012, Callen retained defendant Oxford Financial Group, Ltd. to advise her with respect to the trust's administration and management, as well as her dispute with Doermer. [1-1] ¶ 14. The trust paid for Oxford's services. [1-1] ¶ 14. Doermer believes that Oxford's advice to Callen caused losses for the trust, and he brings this negligence action against Oxford on behalf of the trust in his capacity as both a beneficiary and as a co-trustee.

Doermer filed his complaint in Illinois state court, after which Oxford removed the action on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441. The complaint itself names Callen as an "involuntary plaintiff," but she is not a party in this case. *See* [24] at 4, Tr. at 4:3–5. The complaint contains two counts: "Breach of Fiduciary Duty and Negligence" and "Gross Negligence and Wilful [sic] and Wanton Misconduct Claim for Punitive Damages."

### III. Analysis

Oxford moves to dismiss the complaint under Rule 12(b)(1), claiming that Doermer lacks prudential standing to sue a third party on behalf of the trust either as a beneficiary or as a co-trustee. The parties first dispute the procedural propriety of Oxford's motion—Doermer objects to Oxford's removing this case to federal court on the basis of diversity jurisdiction and then, by filing a Rule 12(b)(1) motion, claiming that this court lacks subject-matter jurisdiction over the case. That objection makes sense, since prudential standing requirements do not ordinarily present jurisdictional concerns. *See Doermer v. Callen*, 847 F.3d 522, 2017 WL

3

432797, at *2 n.1 (7th Cir. 2017); *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756–57 (7th Cir. 2008). Oxford argues that a court may dismiss a complaint for lack of prudential standing on a Rule 12(b)(1) motion. But it also acknowledges that its arguments might relate to Doermer's capacity to sue rather than his prudential standing, and that it could have moved to dismiss under Rule 12(b)(6). Because neither party relies on materials outside of the pleadings, the label of the motion makes no difference here. And "when appropriate, a court may treat a motion filed under Rule 12(b)(1) as if it were a Rule 12(b)(6) motion." *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 820 (7th Cir. 2016) (citing *Miller v. Herman*, 600 F.3d 726, 732–33 (7th Cir. 2010)). Oxford's motion to dismiss for lack of standing will be treated as a Rule 12(b)(6) motion for failure to state a claim based on Doermer's lack of capacity to bring suit on behalf of the trust.

The parties also dispute which state's substantive law should be applied in determining whether Doermer may bring his claims. Oxford believes that the trust agreement's choice-of-law provision dictates that South Dakota law should apply, while Doermer argues in favor of the law of the forum state, Illinois. The forum state's choice-of-law rules apply here. Fed. R. Civ. P. 17(b)(3); *see also Gen. Heat & Power Co. v. Diversified Mortg. Inv'rs*, 552 F.2d 556, 557 n.1 (3d Cir. 1977) (noting that Rule 17(b) incorporates the forum state's choice-of-law rules); *but see Masood v. Saleemi*, 309 F.App'x 150, 152 (9th Cir. 2009) (explaining that capacity is determined under Rule 17(b) under the forum state's law before addressing choice-of-law issues). And where an agreement specifies a choice, Illinois courts apply that

state's law (unless the other state's law violates Illinois public policy). *First Nat'l Bank of Chicago v. Ettlinger*, 465 F.2d 343, 347 (7th Cir. 1972); *Belleville Toyota v. Toyota Motor Sales, U.S.A.*, 199 Ill.2d 325, 351 (2002) ("Generally, choice of law provisions will be honored."). Applying the laws of either South Dakota or Illinois yields the same outcome, and so there is no Illinois public policy prohibition in honoring the trust agreement's selection. South Dakota law applies to questions concerning the interpretation and administration of the trust, including whether a beneficiary or co-trustee can bring a lawsuit on behalf of the trust.

Doermer cannot bring claims against a third party on behalf of the trust in his capacity as a trust beneficiary. In general, a trust beneficiary may not sue a third party on behalf of the trust. *See* Restatement (Second) of Trusts §§ 281, 282 (1959). Both South Dakota and Illinois follow the Restatement. *See Willers v. Wettestad*, 510 N.W.2d 676, 680 (S.D. 1994); *Axelord v. Giambalvo*, 129 Ill.App.3d 512, 519 (1st Dist. 1984). There are exceptions to that rule—for example, where the trustee could maintain an action against a third party but improperly refuses or neglects to bring the action, the beneficiary can maintain a suit against both the trustee and the third person. *Ready v. Ready*, 33 Ill.App.2d 145, 152–53 (1st Dist. 1961); Restatement (Second) of Trusts, § 282 cmt. e (1959). But Doermer does not argue that any exceptions apply, or even address his beneficiary status at all. Doermer's failure to respond to Oxford's argument results in waiver. He cannot bring this action in his capacity as beneficiary of the trust.

Nor can Doermer sue as co-trustee of the trust, because he does not allege that a majority of trustees consented to his filing of this action.[2] Under the terms of the trust agreement, "at any time when more than two Trustees are acting, the action or decision of a majority in number shall control each vote or decision by the Trustees." [1-1] at 86, ¶ 8-C(25)(e). The requirement for majority agreement is also codified under both South Dakota and Illinois law, and those requirements apply absent any conflicting provision in the trust agreement. 760 ILCS 5/10; S.D. Codified Laws § 55-4-3. And when there are only two co-trustees, consent must be unanimous.[3] *Stuart v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*, 68 Ill.2d 502, 523 (1997); S.D. Codified Laws § 55-4-3.

Doermer argues that he and Callen modified the trust agreement to allow each co-trustee to take unilateral action with respect to Oxford on behalf of the trust, without seeking the consent of the majority of co-trustees. But he provides no legal support for his theory, and the only facts alleged are that Callen engaged Oxford to advise her, and that the trust paid for those services. These allegations do not suffice to show an amendment to the trust agreement, because it would be unreasonable to infer that those actions constituted an agreement between the co-trustees that they could take any action related to Oxford on behalf of the trust without majority consent. It also would not follow that the trust agreement could be

---

[2] When put to a vote in November 2016 (several months after this action was filed), Callen objected to Doermer's prosecuting this action and the corporate trustee abstained. *See* [25].

[3] When the trustees consist of one individual and one corporate trustee, the trust agreement provides that the corporate trustee's action or decision controls. [1-1] at 86, ¶ 8-C(25)(e).

6

amended in such a manner, given that the agreement provides a mechanism to reform it in order to resolve ambiguities, and gives that power exclusively to the corporate trustee. [1-1] at 107–08, ¶ 13-F; s*ee also* G.G. Bogert et al., The Law of Trusts and Trustees § 992 (2016) ("Generally, the trustee has no authority to change the trust terms by the trustee's own conduct alone . . . where the instrument makes no provision for such action.").

Doermer's argument that he does not need the consent of either of his co-trustees is unpersuasive. Doermer alleges that Callen and the corporate trustee withheld their consent to the prosecution of this action, but he does not allege that their refusal was improper or amounts to an abuse of their discretion as co-trustees, and he provides no valid reason for that discretion to be disregarded. Because Doermer seeks to sue a third party, Oxford, on behalf of the trust in his capacity as co-trustee, but lacks the consent of a majority of the trustees, he cannot bring his claims. Thus, Oxford's motion to dismiss is granted.

In opposing Oxford's motion, Doermer does not request leave to amend or suggest that he could allege additional facts that grant him the capacity to bring a claim against Oxford on behalf of the trust. While ordinarily leave to amend should be granted when dismissing a complaint for the first time, here, there is no indication that an amendment "might save [Doermer's] case," so final judgment will be entered. *Doermer*, 847 F.3d 522, 2017 WL 432797, at \*3 (citing *Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015)). Because this dismissal is based on plaintiff's lack of capacity, and is not an

adjudication of the merits of the alleged negligence of Oxford, the dismissal is without prejudice.

## IV. Conclusion

Oxford's motion to dismiss, [7], is granted. Doermer's complaint is dismissed without prejudice for lack of capacity. Enter judgment and terminate civil case.

ENTER:

/s/ Manish S. Shah

Manish S. Shah
United States District Judge

Date: 2/28/2017